```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MATTHEW R. SMITH a/k/a KASIIN
ALI BEY,

                Petitioner,           MEMORANDUM & ORDER
                                      13-CV-3045 (JS)(AKT)
        -against-

WARDEN, ATTORNEY GENERAL, and
A.D.A.,

                Respondents.
----------------------------------X
APPEARANCES
For Petitioner:    Matthew R. Smith, pro se
                   583169
                   Suffolk County Correctional Facility
                   110 Center Drive
                   Riverhead, NY 11901

For Respondents:   No Appearance
```

SEYBERT, District Judge:

On May 20, 2013, Petitioner Matthew R. Smith a/k/a Kasiin Ali Bey ("Petitioner" or "Smith") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Petition is DISMISSED as unexhausted.

BACKGROUND

I. Factual Background

Petitioner was sentenced on February 8, 2013 to one year imprisonment for Aggravated Unlicensed Operation of a Motor Vehicle; ninety days imprisonment for "False Personation;" and fifteen days imprisonment for Failure to Obey a Traffic Signal. (Pet., Docket Entry 6, ¶ 5.)

On May 20, 2013, Petitioner filed a Petition for a Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting (1) "Failure of the [state] court to acknowledge the petitioner's National status and disregarding petitioner's Treaty rights" (Pet. at 5); (2) "Whether the Hon. Judge Condon faithfully discharged the duties of his office" (Pet. at 6); (3) "An improper injection of race into a criminal proceeding violated petitioner's right to Due Process & 1st Amendment Political Claims & Contentions" (Pet. at 8); and (4) "The court could [not] proceed with execution [of petitioner's] sentence and judgment absent establishing personal jurisdiction over a party's national claims" (Pet. at 9).

By Order dated July 8, 2013, this Petition was consolidated with a later-filed petition, 13-CV-3143, which was subsequently closed by the Clerk of Court. By that same Order, dated July 8, 2013, Petitioner was Ordered to Show Cause why his Petition should not be dismissed for failure to exhaust his claims in state court. Petitioner was also notified that to the extent he claimed that the courts of the United States of America lack jurisdiction over him because he is a Moorish National, such claim is meritless. See Bey v. Am. Tax Funding, No. 11-CV-6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."); Bey v. Bailey, No. 09-CV-8416, 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010) (petitioner's claims that he can ignore the law of New York state

because he is a member in the "Moorish-American" nation is without merit and not a basis for Habeas relief).

Petitioner responded to the Order to Show Cause on August 5, 2013.

I. <u>Dismissal for Failure to Exhaust</u>

As explained in the Court's earlier Order, generally, before petitioning a federal court for a writ of habeas corpus, a petitioner must first exhaust any available state court remedies. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." <u>Galdamaz v. Keane</u>, 394 F.3d 68, 73 (2d Cir. 2005). The doctrine arises out of principles of comity, <u>see</u> <u>Daye v. Att'y Gen. of N.Y.</u>, 696 F.2d 186, 191 (2d Cir. 1982), and is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

In his Response to the Order to Show Cause, Smith acknowledges that he currently has an appeal pending before the Supreme Court Appellate Division, Second Department. (Resp. ¶¶ 3(f) and 15.) Petitioner's appeal pending before the Appellate Division concerns some of the same claims as in the instant Petition, specifically claims 1, 2, and 4, and he therefore has not

exhausted those claims before the state court. Also, Petitioner has not yet raised claim 3 before the state court, and therefore has not exhausted it before state court either.

Petitioner argues that because his constitutional rights have been violated, he does not need to exhaust his claims in state court. As best this Court can discern, he argues that because the state courts, other than the Court of Appeals, have not decided in his favor and released him by acknowledging his Moorish National status, which he asserts does not give courts in the United States jurisdiction over him in any way, they are violating his constitutional rights. This argument has no merit, since, as explained above, such claim is meritless. See, supra p. 2. Because he has an appeal pending in state court, his Petition is not yet ripe for review by this Court. This Petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

## CONCLUSION

For the reasons set forth above, this Petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

The Clerk of Court is directed to mail a copy of this Order to pro se Petitioner.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of

4

any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

          SO ORDERED.

          /s/ JOANNA SEYBERT
          Joanna Seybert, U.S.D.J.

Dated: October   15  , 2013
    Central Islip, New York